**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| ERIC JAMES, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CITY OF RUSSELL, KANSAS, et al., ) <br> ) <br> Defendants. ) <br>  ) | **CIVIL ACTION** <br><br> No. 13-1244-MLB |

**MEMORANDUM AND ORDER**

This case comes before the court on defendants' motion to dismiss. (Doc. 11). The motion has been fully briefed and is ripe for decision.[1] (Docs. 12, 16). Defendants' motion is granted for the reasons herein.

**I. Facts**

On June 25, 2011, plaintiff Eric James was arrested for domestic battery and intentional bodily harm. At the time of his arrest, plaintiffs A.J., M.J. and I.J, James' children, were placed in protective custody. Defendant Lonnie Whitten, an officer employed by defendant City of Russell, Kansas, placed the children into the care of their maternal grandparent.

Plaintiffs' complaint alleges that defendants Whitten and Danny Hoffman, another officer, violated plaintiffs' civil rights. Specifically, plaintiffs allege that their Fourth, Sixth, and Fourteenth Amendment rights have been violated. Defendants move to dismiss plaintiffs' complaint on the basis that it fails to state a

---

[1] No reply has been filed and the deadline has now passed.

claim and that Whitten and Hoffman are entitled to qualified immunity.

**II. Motion to Dismiss Standards: FRCP 12(b)(6)**

The standards this court must utilize upon a motion to dismiss are well known. To withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to plaintiff. Archuleta v. Wagner, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon this court's consideration. Shero v. City of Grove, Okla., 510 F.3d 1196, 1200 (10th Cir. 2007). In the end, the issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims. Beedle v. Wilson, 422 F.3d 1059, 1063 (10th Cir. 2005).

**III. Analysis**

Pursuant to 42 U.S.C. section 1983, any person who "under color of . . . [law] . . . subjects, or causes to be subjected, . . . any [person] . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." Section 1983 was enacted to provide protections to those persons wronged by the misuse of power. While the statute itself creates no substantive civil rights, it does provide an avenue through which civil rights can be redeemed. See Wilson v. Meeks, 52 F.3d 1547, 1552 (10th Cir. 1995). To state a claim for relief in a section 1983 action, plaintiffs must establish that they were (1)

-2-

deprived of a right secured by the Constitution or laws of the United States and (2) that the alleged deprivation was committed under color of state law. See American Mfr's. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

**A.   Fourth Amendment**

**1.   Wrongful Arrest**

Plaintiffs' complaint alleges that James was "unlawfully arrested." (Doc. 1 at 2). The complaint does not specify, however, who arrested James or why the arrest was unlawful. When a warrantless arrest is the basis for a 1983 claim, a plaintiff must show that the defendant officer lacked probable cause. Buck v. City of Albuquerque, 549 F.3d 1269, 1281 (10th Cir. 2008). In addition, a plaintiff must allege personal involvement by the defendant officer. Fogarty v. Gallegos, 523 F.3d 1147, 1156 (10th Cir. 2008)("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.")

Because James' wrongful arrest claim fails to state a claim for which relief may be granted, it must be dismissed.

**2.   Seizure of the Children**

Construing the complaint liberally, plaintiffs have also alleged a Fourth Amendment violation for the removal of the children from the home. Again, plaintiffs' complaint only alleges that the seizure of the children was "unlawful." State officials may remove a child if there are emergency circumstances that pose an immediate threat to the child's safety. Arredondo v. Locklear, 462 F.3d 1292, 1297 (10th Cir. 2006). According to the allegations in the complaint, the children's father was arrested and taken from the home. Leaving a child at home

-3-

alone is an emergency circumstance which would pose a threat to the children's safety. Therefore, it was reasonable for the officers to seek placement of the children with a relative. See Shouse v. Price, No. 08-6064, 2008 WL 4401396 (10th Cir. Sept. 30, 2008)(removal of a child is in its best interest when the parent is taken into custody.)

The complaint further alleges that the placement of the children was improper. However, there is no allegation that the grandparents caused any injury during the placement or that officer Whitten had any knowledge that the placement was inappropriate.

Therefore, the children's Fourth Amendment claim must be dismissed.

### B. Sixth Amendment

Plaintiffs' complaint alleges a violation of their Sixth Amendment rights but pleads no facts to support a violation of those rights. Therefore, plaintiffs' claim must be dismissed. Robbins, 519 F.3d at 1247.

### C. Familial Association

Finally, James' alleges that the seizure of the children deprived him of the right to see his children.[2] The Fourteenth Amendment's Due Process Clause gives parents "a protected liberty interest in the care, custody, and control of their children." Arredondo v. Locklear, 462 F.3d 1292, 1297 (10th Cir. 2006). To state a claim of interference of this right, James must assert "an allegation of intent

---

[2] Because the children's removal is a seizure that implicates their Fourth Amendment rights, they do not have an independent due-process claim. Silvan w. v. Briggs, No. 07-4272, 2009 WL 159429, *4 (10th Cir. Jan. 23, 2009)(citing Becker v. Kroll, 494 F.3d 904, 919 (10th Cir. 2007))

to interfere with a particular relationship protected by the freedom of intimate association." Trujillo v. Board of County Com'rs of Santa Fe County, 768 F.2d 1186, 1190 (10th Cir. 1985). He has not done so. Moreover, the alleged facts do not establish that his arrest was unlawful, and therefore, James could not have physical custody of his children at the time of their placement.

### D. City of Russell

A municipality, such as Russell, can be directly sued under § 1983 when its officers commit constitutional violations in accordance with the municipality's official policy. Monell v. New York, 436 U.S. 658, 690, 98 S. Ct. 2018, 56 L. Ed.2d 611 (1978). Liability will not attach "where there was no underlying constitutional violation by any of [Russell's] officers." Graves v. Thomas, 450 F.3d 1215, 1218 (10th Cir. 2006). Therefore, the claims against Russell must also be dismissed.

## IV. Conclusion

Defendants' motion to dismiss is granted. (Doc. 11).

A motion for reconsideration of this order is not encouraged. Any such motion shall not exceed 3 double-spaced pages and shall strictly comply with the standards enunciated by this court in Comeau v. Rupp, 810 F. Supp. 1172, 1174 (1992). The response to any motion for reconsideration shall not exceed 3 double-spaced pages. No reply shall be filed.

IT IS SO ORDERED.

Dated this __6th__ day of November 2013, at Wichita, Kansas.

s/ Monti Belot  
Monti L. Belot  
UNITED STATES DISTRICT JUDGE